**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Plexus Worldwide LLC,<br>Plaintiff,<br>v.<br>Brooke Hemingway, et al.,<br>Defendants. | No. CV-26-05186-PHX-JAT<br>**ORDER** |

Before the Court is Corporate Defendant Shaklee Corporation's Special Motion to Strike or Dismiss the counts Plaintiff makes against it in its Second Amended Complaint. (Doc. 20). That Motion was filed under A.R.S. § 12-751(A) and referenced two pieces of evidence: (1) statements made by Plaintiff's Chief Global Development Officer during a Zoom call; and (2) statements made by Shaklee's Chief Executive Officer during a virtual open house held by Hemingway Defendants. (*Id*. at 4-5). That evidence was referenced pursuant to the same state statute, which permits a movant to "submit evidence based on the record, a sworn affidavit or other evidence." A.R.S. § 12-751(B); (Doc. 20 at 2).

The Second Amended Complaint seemingly makes references to the same evidence. Indeed, the existence of the virtual open house is a centerpiece in Plaintiff's case against Shaklee. *See* (Doc. 14 at 11-13). And the Zoom call, in which a Plexus official discussed the effect of Hemingway Defendants' departure from the company, seems to also bear on certain allegations Plexus advanced against Shaklee. *See id*.

But this evidence was not included as exhibits supporting the Second Amended

Complaint. *See* (*id*. at 23-86). Its absence notwithstanding, both parties discuss and rely on that evidence and its debated significance when addressing the Motion. (Docs. 20 at 9-11, 24 at 5-12, 30 at 2-7). In fact, Plexus even filed a Motion for Leave to file video recordings of the evidence non-electronically. (Doc. 25).

To be sure, the state statute permits the submission of additional evidence to aid a court in determining if a given "legal action was substantially motivated by a desire to deter, retaliate against or prevent the lawful exercise of a constitutional right." A.R.S. § 12-751(B). But the Federal Rules of Civil Procedure make things more complicated. The Ninth Circuit Court of Appeals has ruled that reliance on extrinsic evidence may sometimes be "improper" when considering an analogous California statute. *See Gunn v. Drage*, 65 F.4th 1109, 1119-20 (9th Cir. 2023).

Given the above, the Court wonders how it might consider the evidence the parties reference with regard to the Motion. The Court is, for example, cognizant that evidence might be considered as incorporated into the Second Amended Complaint by reference such that a conflict with the Federal Rules is avoided. *See, e.g.*, *U.S. v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (holding that, even if a certain document is not attached, "it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."); *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) .[1]

Accordingly, **IT IS ORDERED** that, within seven days of the issuance of this Order, Plaintiff and Defendant Shaklee Corporation file supplemental briefing that addresses the substance detailed above. Such briefing may not exceed five pages.

Dated this 10th day of November, 2026.

James A. Teilborg
Senior United States District Judge

[1] The Court notes that neither party contests the authenticity of the evidence. *See Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001).